# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON C. COLLINS,<br><br>    Petitioner,<br><br>    v.<br><br>STEVEN LAKE,<br><br>    Respondent. | Case No.: 1:19-cv-00118-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

    Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on January 28, 2019, challenging his sentence pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED for lack of jurisdiction.

## BACKGROUND

    On February 1, 2006, Petitioner was found guilty by jury trial of conspiracy to distribute methamphetamine, four counts of money laundering, and conspiracy to launder drug proceeds. (Doc. 1 at 6.) See United States v. Collins, Case No. 4:04-cr-00141-JMM (E.D. Arkansas).[1] On August 23,

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

1

2006, the district court sentenced Petitioner to statutory mandatory life in prison for the conspiracy count, and 20 years for each of the other counts to be run concurrently to his life sentence. (Doc. 1 at 7.)

Petitioner appealed to the Eighth Circuit Court of Appeals. On June 14, 2007, the Eighth Circuit affirmed the convictions. (Doc. 1 at 7.) On May 12, 2008, Petitioner filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. (Id.) The district court denied the motion on April 13, 2009. (Id.) Petitioner requested a certificate of appealability from the Eighth Circuit but his request was denied on January 4, 2010. (Doc. 1 at 8.) On February 26, 2013, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. Rule 60(b). (Id.) The district court denied the motion on May 14, 2013. (Id.) The Eighth Circuit affirmed the district court's decision on August 6, 2013. (Id.) On September 14, 2015, Petitioner filed a motion to reduce his sentence. (Id.) The motion was denied by the district court, and the Eighth Circuit affirmed the ruling. (Id.) On July 2, 2018, Petitioner filed an application to file a successive motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, arguing that his statutory mandatory minimum sentence was improperly increased in light of the Supreme Court's decision in Alleyne v. United States[2], 570 U.S. 99 (2013). (Id.) On December 9, 2018, the Eighth Circuit denied the application on the grounds that Alleyne does not apply retroactively to cases on collateral review. (Id.)

Petitioner brings this habeas petition challenging his sentence under Alleyne. He claims "the separate aggravating offense of conspiracy to possess with intent to distribute a Schedule II controlled substance, (liquid methamphetamine) was not 'found by a jury beyond a reasonable doubt' and Petitioner is 'actually innocent' of the Section 851 statutory mandatory minimum life sentence." (Doc. 1 at 10.)

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

---

(9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

[2] In short, Alleyne determined that "any fact that increases the mandatory minimum is an "element" [of the offense] that must be submitted to the jury." Id. at 103.

2

under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). In this circuit, Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. Both requirements must be met, and the burden is on the petitioner to show that the remedy is inadequate or ineffective. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012); Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

1  In this case, Petitioner is challenging the validity and constitutionality of his sentence as
2  imposed by the United States District Court for the Eastern District of Arkansas. As Petitioner
3  acknowledges, the appropriate procedure would be to file a motion pursuant to § 2255 in the Eastern
4  District of Arkansas, not a habeas petition pursuant to § 2241 in this Court. Nevertheless, Petitioner
5  argues the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing,
6  because he does not present a claim of actual innocence, and he did not lack an unobstructed
7  procedural opportunity to present his claim.

8  First, Petitioner does not present an actual innocence claim. In the Ninth Circuit, a claim of
9  actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated
10 by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464
11 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner
12 must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror
13 would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner
14 bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just
15 that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have
16 convicted him. Lorentsen, 223 F.3d at 954.

17 Petitioner argues that he is actually innocent of the sentence imposed in his case due to a
18 change in law effected by Alleyne. This is not an actual innocence claim. Plaintiff does not allege that
19 he did not conspire to possess and distribute methamphetamine. Petitioner does not cite any new
20 authorities that would render his conviction for this offense unlawful. See Bousley, 523 U.S. at 623 (a
21 claim of actual innocence requires a showing of factual innocence, not legal insufficiency); see also
22 Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (the mere assertion of innocence, without a
23 showing of "evidence tending to show that [the petitioner] did not commit the [acts] underlying his
24 convictions," is insufficient to satisfy the actual innocence standard). Petitioner's failure to assert a
25 claim of factual innocence alone bars him from qualifying for the § 2255 escape hatch. Muth, 676 F.3d
26 at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing
27 of actual innocence). Therefore, Petitioner's claim may not be heard under § 2241.

28 Second, Petitioner fails to show that he has not had an unobstructed procedural opportunity to

present his claim. To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008). "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively." Gibbs v. United States, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); see also Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting Harrison, 519 F.3d at 960).

The Ninth Circuit has squarely found that "the Supreme Court has not made Alleyne retroactive to cases on collateral review." Hughes v. United States, 770 F.3d 814, 815 (9th Cir. 2014). Therefore, Alleyne is not relevant to any challenge that Petitioner might raise to his earlier sentence, and therefore, he fails to establish that he has not had an unobstructed procedural shot to present his claim. See Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (Alleyne claims do not qualify for § 2255 escape hatch because Alleyne does not apply retroactively on collateral review); Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017) ("Alleyne claims cannot be raised under § 2241.").

Petitioner fails to state a claim of actual innocence and he fails to show he lacked an unobstructed procedural opportunity to present his claim. Thus, he fails to demonstrate that § 2255 is an inadequate or ineffective remedy, and the petition should be dismissed for lack of jurisdiction.

**ORDER**

The Court **DIRECTS** the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 31, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE